Entered on Docket
December 01, 2006
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: November 30, 2006**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
In re                              )  Case No:  05-34490
                                   )
BENNY PAUL VALDEZ and              )  Chapter 13
PATRICIA ANN VALDEZ,               )
                                   )  Date: November 13, 2006
                                   )  Time: 9:30 a.m.
                                   )  Crtm: 235 Pine St., 23rd Floor
                Debtors.           )        San Francisco, CA 94104
_____)
```

**MEMORANDUM RE MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

At the above date and time, the court held a hearing on Debtors' Motion to Compel Discovery and For Sanctions (the "Motion to Compel"). Cathleen Cooper Moran appeared for Debtors. No one appeared for the responding parties. I determine that the motion should be granted as follows.

**FACTS**

On February 10, 2006, this court held a hearing on Debtors' Motion for Damages for Violation of Automatic Stay. The court determined that Jason Evans, Esq., the Law Offices of Jason Evans, P.C. and Lucas Teter, a non-attorney working for Mr. Evans, knowingly violated the automatic stay applicable in the above-

–1–

referenced bankruptcy case.  On February 21, 2006, the court entered an order awarding damages for the knowing-stay violation (the "Sanctions Order").  The Sanctions Order imposes $5,000 damages on Mr. Teter, Mr. Evans, and the Law Offices of Jason Evans,[1] for which the sanctioned parties are jointly and severally liable.  On February 23, 2006, the court served the Sanctions Order on the sanctioned parties.

When none of the sanctioned parties paid the damages imposed on them by the Sanctions Order, counsel for Debtors, Cathleen Cooper Moran, properly served interrogatories (the "Interrogatories") on Mssrs. Teter and Evans.  On June 17, 2006, Ms. Moran wrote to Mr. Teter requesting a response to the Interrogatories, and seeking to meet and confer regarding Mr. Teter's failure to respond.  On July 10, 2006, Ms. Moran wrote to Mr. Evans regarding his failure to respond to the Interrogatories, and seeking to meet and confer regarding Mr. Evans' failure to respond.  Ms. Moran thereafter received an undated letter from someone named Daniel Mendez on the letterhead of the Law Offices of Jason J. Evans, P.C., stating that Mr. Teter was no longer employed by the Law Offices, and requesting that Ms. Moran direct further correspondence regarding "this matter" to Ms. Anna Burkard or Mr. Daniel Mendez.  The letter does not provide a forwarding address for Mr. Teter, does not reference the Interrogatories, does not identify the relationship of Ms. Burkard or Mr. Mendez to the

---

[1] The Sanctions Order uploaded by Debtors' counsel and signed by the court omits the " P.C." suffix.

-2-

sanctioned parties, and does not indicate whether Ms. Burkard or Mr. Mendez are attorneys.

On July 19, 2006, Ms. Moran wrote to Mr. Mendez requesting a current address for Mr. Teter, and notifying Mr. Mendez that she would be preparing a motion to compel discovery and for further sanctions. Ms. Moran also verified on the New York State Bar website Mr. Evans' status as an attorney currently active with the New York State Bar, whose bar registration number is 2891851, and whose address as of that date[2] was 5350 Main St., Williamsville, NY 14421 (the "Williamsville Address").

Ms. Moran never received a response to her letter to Mr. Mendez.

On October 10, 2006, Ms. Moran filed and served on the sanctioned parties at, inter alia, the Williamsville Address, the Motion to Compel and related pleadings. The Motion to Compel is supported by a declaration of Ms. Moran regarding her good-faith attempts to confer with Mssrs. Teter and Evans, who apparently are not represented by counsel, in an effort to obtain responses to the Interrogatories without court action. The Motion to Compel and related pleadings were not returned to Ms. Moran, which indicates that they reached the intended destination.

As of the date of the hearing on the Motion, the sanctioned parties had not paid the sanctions, nor had they responded to the Interrogatories. The court has no knowledge that the sanctioned

---

[2] As of November 27, 2006, the contact information for Jason J. Evans provided on the New York State Bar Website is: Law Offices of Jason J. Evans P.C., 5335 Main St., 2nd Floor, Williamsville, NY 14221-5389; (716) 630-0555.

-3-

parties have since paid the sanctions or responded to the Interrogatories.

Pursuant to Bankruptcy Rule 7037, Debtors move the court for an order compelling the sanctioned parties to provide answers to the Interrogatories within 15 days of entry of its order on the Motion to Compel, for an award of Debtors' attorney fees for bringing the Motion to Compel, and for additional sanctions in an amount three times the fees for the sanctioned parties' failure to comply with the Sanctions Order.

On November 13, 2006, after the hearing on the Motion to Compel, Ms. Moran filed a declaration and billing statements detailing that Debtors have incurred $2,370.50 in their efforts to enforce the Sanctions Order. Of this amount, approximately $1,980 relates to drafting, calendaring, and appearing at the hearing on the Motion to Compel.

**LAW**

Federal Rule of Bankruptcy Procedure 7037(a)(4), applicable to this contested matter via Bankruptcy Rule 9014(c), provides that if the court grants a motion to compel discovery, the court

> shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees. . . .

In order to defeat the presumption in favor of awarding expenses to the prevailing party of a motion to compel, the court must make a specific finding, such as that the failure to respond was substantially justified or that other circumstances would make an award of expenses unjust. Rule 7037(a)(4); <u>Barton Bus. Park</u>

-4-

Associates v. Alexander (In re Barton Bus. Park Associates), 118 B.R. 776, 780 (Bankr. E.D. Cal. 1990). The losing party bears the burden of persuading the court that the court should not award the prevailing party's reasonable expenses. Barton Bus. Park Associates, 118 B.R. at 780.

**DISCUSSION**

The sanctioned parties have not responded to the Motion to Compel, and apparently do not contest that the Motion to Compel was properly served. Accordingly, the court grants the Motion to Compel, and determines that Lucas Teter and Jason Evans must pay the $1,980 in attorneys fees reasonably incurred by Debtors in prosecuting the Motion to Compel, which sum is in addition to the $5,000 owed by the sanctioned parties pursuant to the Sanctions Order.

Assuming that the court has inherent authority to impose monetary penalties for the sanctioned parties' failure to comply with the Sanctions Order,[3] the court declines to do so at this time. The court may do so in the future on properly noticed motion, citing to appropriate authority, should the sanctioned parties continue to ignore the Sanctions Order and the order compelling discovery (the purpose of which is to assist Debtors in obtaining compliance with the Sanctions Order).

Should the sanctioned parties, including attorney Jason Evans, continue to ignore the Sanctions Order, counsel for Debtors may wish to consider providing the disciplinary body of the New York

---

[3] The only authority cited by Debtors in support of their request for sanctions for failure to comply with the Sanctions Order is Bankruptcy Rule 7037, which applies to discovery disputes.

-5-

State Bar with copies of the orders issued by this court, which impose liability on bar member Jason Evans.

**\*\*END OF MEMORANDUM\*\***

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | Cathleen Cooper Moran, Esq. |
| 3 | Moran Law Group, Inc.<br>1674 North Shoreline Blvd., Ste. 140 |
| 4 | Mountain View, CA 94043-1375 |
| 5 | Jason J. Evans, Esq.<br>Law Offices of Jason J. Evans P.C. |
| 6 | 5335 Main St., 2nd Floor<br>Williamsville, NY 14221-5389 |
| 7 | Lucas Teter |
| 8 | c/o Law Offices of Jason J. Evans P.C.<br>5335 Main St., 2nd Floor |
| 9 | Williamsville, NY 14221-5389 |